**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Case No. 18-01030-RM-MEH

ERIC T. KOEPLIN,

    Plaintiff,

v.

THE MILESTONE GROUP, INC.,

    Defendant.

___

**ORDER**
___

This matter is before the Court following the filing of Plaintiff Eric T. Koeplin's ("plaintiff") motion for a forthwith hearing and/or expedited determination on plaintiff's ripe motion for a speedy declaratory judgment and/or a preliminary/permanent injunction ("the motion for hearing") (ECF No. 31) and motion to shorten time for defendant to respond to plaintiff's motion for a forthwith hearing ("the motion to shorten") (ECF No. 32). Because the Court does not need a response to either motion in order to resolve the same, the Court enters this order without giving Defendant The Milestone Group, Inc. ("defendant") an opportunity to respond.

The motion for hearing will be denied. First, plaintiff has violated the Local Rules in filing the motion for hearing without explaining whether plaintiff has attempted to confer with defendant. *See* D.C.Colo. L.Civ.R. 7.1(a). The same is true of the motion to shorten. This is reason alone to deny the motion for hearing (and the motion to shorten).[1]

---

[1] Plaintiff's assertion that defendant opposes the motion for hearing due to statements made in the past (ECF No. 31 at 6) is not a conferral.

Second, that being said, substantively, plaintiff provides no meaningful explanation for why a "forthwith hearing" is necessary in this case. Instead, plaintiff falls back on the phrase "relief delayed is relief denied." (*See* ECF No. 31 at 2, 7.) Plaintiff, though, fails to adequately explain why that is so. All plaintiff does say is that he has been "saddled with unreasonable restrictions on his livelihood [and] customers are suffering from the imposition of the unreasonable restrictions." (*Id*. at 8.) The "customers," though, are not before the Court. Thus, whether they are "suffering" is irrelevant for purposes of the motion for hearing. As for the unreasonable restrictions plaintiff is allegedly being subjected to, plaintiff provides no explanation for why they should result in a forthwith hearing. While the cases to which plaintiff cites may suggest that the matters relied upon by plaintiff may be relevant to the "public interest" component of a preliminary injunction (*see id*. at 8-9), that is an entirely separate issue.

As a result, the motion for hearing (ECF No. 31) is DENIED, and the motion to shorten (ECF No. 32) is DENIED AS MOOT.

The Court will set a hearing on the motion for a speedy declaratory judgment and/or a preliminary/permanent injunction (ECF No. 14) for **August 7, 2018 at 1:00 p.m.**

In preparing themselves for the August 7 hearing, the Court states the following. The Court will **only** take argument and evidence with respect to the request for preliminary-injunctive relief. As to the request for preliminary-injunctive relief, the Court will hear **argument** on the following matter: whether the non-compete clause is unreasonable as a protection against trade secrets. In addressing this issue, the parties should assume that defendant's customer list and information are trade secrets. The Court will hear argument **and take evidence** on the following matter: the duties plaintiff performed while employed by defendant. In addressing this issue, the parties should assume

that the relevant point in time for assessing plaintiff's duties is the time that he **departed** defendant's employment. For background on this latter issue, the parties should review this Court's decision in *Wells Fargo Ins. Services USA, Inc. v. McQuate*, 276 F. Supp. 3d 1089 (D. Colo. 2016) (RM).

Those are the only matters that will be addressed at the August 7 hearing. Unless otherwise requested by the Court, to the extent the parties attempt to address any other issues, they will be quickly reminded of the scope of the hearing.

**SO ORDERED.**

DATED this 13th day of July, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge